IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Tony Martinez,<br><br>        Plaintiff,<br><br>    v.<br><br>Columbia Sportswear USA Corp. dba Columbia Sportswear Company #446; Eddie Bauer, a Delaware LLC dba Eddie Bauer Outlet #R-867; New Balance Athletic Shoe, Inc. dba New Balance #0015; Guess ?, Inc. dba Guess Factory Store #3224; Adidas America, Inc. dba Adidas #6128; Reebok International Ltd dba Reebok/Rockport #20,<br><br>        Defendants. | 2:10-cv-01333-GEB-KJN<br><br><u>ORDER GRANTING PLAINTIFF'S MOTION TO FILE FIRST AMENDED COMPLAINT</u> |

        On January 18, 2011, Plaintiff filed a motion for leave to file the First Amended Complaint attached to his motion, under Federal Rule of Civil Procedure ("Rule") 15(a)(2). (ECF No 57.) Defendants Columbia Sportswear USA Corp. dba Columbia Sportswear Company #446 ("Columbia"), Eddie Bauer, a Delaware LLC dba Eddie Bauer Outlet #R-867 ("Eddie Bauer"), and New Balance Athletic Shoe, Inc. dba New Balance #0015 ("New Balance") each filed an opposition to Plaintiff's motion. For the reasons stated below, Plaintiff's motion is GRANTED.

1    Rule 15(a)(2) prescribes that "[t]he court should freely give leave [to amend] when justice so requires." "This [leave] policy is 'to be applied with extreme liberality.'" <u>Eminence Capital, LLC v. Aspeon, Inc.</u>, 316 F.3d 1048, 1051 (9th Cir. 2003) (citations omitted). "Four factors are commonly used to determine the propriety of a motion for leave to amend. These are: bad faith, undue delay, prejudice to the opposing party, and futility of amendment." <u>DCD Programs, Ltd. v. Leighton</u>, 833 F.2d 183, 186 (9th Cir. 1987).

New Balance opposes Plaintiff's motion arguing: "amendment would be futile as Plaintiff has failed to allege with specificity the requisite factual allegations to state a claim[.]" (New Balance's Opp'n 2:19-20.) "However, a proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim . . . ." <u>Miller v. Rykoff-Sexton, Inc.</u>, 845 F.2d 209, 214 (9th Cir. 1988).

Columbia and Eddie Bauer argue Plaintiff's motion to amend "is merely an effort to delay the proceedings in this case" and "wastes the time and resources of the parties and the Court and serves only to delay the proceedings." (Columbia's Opp'n 1:10-11, 4:24-25; Eddie Bauer Opp'n 1:10-11, 4:19-20.) However, it has not been shown that the amendment Plaintiff seeks will delay the proceedings.

Therefore, Plaintiff's motion for leave to file the First Amended Complaint is GRANTED. Plaintiff has five days leave from the date on which this order is filed to file the amended complaint.

Dated: February 14, 2011

_____
GARLAND E. BURRELL, JR.
United States District Judge