1  Lynn Hubbard III, SBN 69773
2  Scottlynn J Hubbard IV, SBN 212970
   **Disabled Advocacy Group, APLC**
3  12 Williamsburg Lane
   Chico, California 95926
4  Telephone:  (530) 895-3252
5  Facsimile:   (530) 894-8244

6  Attorneys for Tony Martinez

United States District Court

Eastern District of California

| | |
|---|---|
| Tony Martinez, | Case No. 2:10-cv-1333-GEB-KJN |
| Plaintiff, | **Application for Rule 56(f) continuance** |
| vs. | |
| Columbia Sportswear USA, Corp., *et al.*, | [Fed. R. Civ. P. 56(f)] |
| Defendants. | Date:     May 2, 2011<br>Time:    9:00 a.m.<br>Room:    10 |

*Martinez v. Columbia Sportswear USA, Corp., et al.*, Case No. 2:10-cv-1333 GEB-KJN
Application for Rule 56(f) continuance

- 1 -

## BACKGROUND

On March 4, 2011, defendant New Balance Athletic Shoe, Inc., ("New Balance") moved to terminate this lawsuit with a motion for summary judgment under Rule 56, and a motion to dismiss for want of constitutional standing under Rule 12(b)(1). *Docket Nos. 71-75.* Both are based on extrinsic evidence. *Ibid.* To oppose these motions, plaintiff Tony Martinez will need to conduct additional discovery, which includes inspecting New Balance's facility, obtaining photos and measurements of the elements at issue (during that inspection), and deposing the witnesses whose declarations are attached to that motion. Unfortunately, Martinez has not had a chance to propound discovery in this case, much less obtain an expert report, as neither is due until 2012. *Docket No. 62.* Considering that the law and motion deadline in this case is September 24, 2012, and plaintiff has not had an opportunity to obtain the essential evidence necessary to oppose the motion, Martinez requests that the court continue the defendant's motions until he has a chance to complete discovery.

## DISCUSSION

Under Rule 56(f), the court must deny or continue a motion for summary judgment if an opposing party can show that "for specified reasons, it cannot present facts essential to justify its opposition." Fed.R.Civ.P. 56(f). Indeed, Rule 56(f) "requir[es], rather than merely permit[s], discovery where the nonmoving party has not had the opportunity to discover information that is essential to its opposition." *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 846 (9th Cir.2001). The opposing party "must identify the specific facts that further discovery would reveal and explain why these facts would preclude summary judgment." *Tatum v. San Francisico*, 441 F.3d 1090, 1100 (9th Cir.2006). "Defendant[ ] must show (1) that [he] ha[s] set forth in affidavit form the specific facts that [he] hope[s] to elicit from further discovery, (2) that the facts

sought exist, and (3) that these sought-after facts are "essential" to resist the summary judgment motion. *State of California v. Campbell*, 138 F.3d 772, 779 (9th Cir.1998).

In this case, discovery has not yet commenced. Pursuant to the mandates of Rule 56(f), plaintiff has identified information he has not had an opportunity to discover. Specifically, Martinez asserts that he must conduct the following discovery: (1) inspect New Balance's facility; (2) identify and document the barriers alleged in his plaintiff's complaint; (3) obtain expert testimony on those barriers; and (4) depose Russell Shirley and Cesar Rodriguez, whose testimony lays the foundation for the defendant's motion. (Decl. of Lynn Hubbard in Support of Mot. for Continuance, ¶ 3). Plaintiff contends that such discovery is required to support his claims regarding the alleged structural barriers on defendant's premises. As such, plaintiff must have some opportunity to pursue necessary discovery in order to make a proper response. *See, e.g. Burlington Northern Santa Fe R. Co. v. Assiniboine and Sioux Tribes*, 323 F.3d 767,774 (9th Cir.2003) (finding the district court's denial of defendants' Rule 56(f) motion was an abuse of discretion because the summary judgment motion was filed so early in the litigation that no discovery had yet taken place; thus, defendants did not have a reasonable opportunity to uncover facts before their opposition to the motion was due); *cf. Byrd v. Guess*, 137 F.3d 1126, 1135 (9th Cir.1998) (holding that denial of Rule 56(f) motion was proper where the plaintiff had failed to pursue discovery for over a year); *Nidds v. Schindler Elevator Corp.*, 113 F.3d 912, 921 (9th Cir.1997) (same). In light of the need for discovery (*i.e.*, to obtain the essential facts necessary to fashion an intelligent response), Martinez would ask the court to deny New Balance's motion, with leave to re-file after the close of discovery.

**CONCLUSION**

For the reasons stated above, Martinez asks the court to delay the defendant's motion for summary judgment until after the close of discovery, or at least until after his need for discovery is addressed.

Dated: March 18, 2011          DISABLED ADVOCACY GROUP, APLC


/s/     Lynn Hubbard III                       /
        Lynn Hubbard III, esq.
        Attorney for Plaintiff

*Martinez v. Columbia Sportswear USA, Corp., et al.*, Case No. 2:10-cv-1333 GEB-KJN
Application for Rule 56(f) continuance

- 4 -