Lynn Hubbard III, SBN 69773
Scottlynn J Hubbard IV, SBN 212970
**Disabled Advocacy Group, APLC**
12 Williamsburg Lane
Chico, California 95926
Telephone: (530) 895-3252
Facsimile: (530) 894-8244

Attorneys for Tony Martinez

United States District Court

Eastern District of California

| | |
|---|---|
| Tony Martinez,<br><br>    Plaintiff,<br><br>    vs.<br><br>Columbia Sportswear USA, Corp., *et al.*,<br><br>    Defendants. | Case No. 2:10-cv-1333-GEB-KJN<br><br>**Declaration of attorney Lynn Hubbard in Support of a Rule 56(f) continuance**<br><br>[Fed. R. Civ. P. 56(f)]<br><br>Date:   May 2, 2011<br>Time:   9:00 a.m.<br>Room:   10 |

*Martinez v. Columbia Sportswear USA, Corp., et al., Case No. 2:10-cv-1333 GEB-KJN*
Declaration of attorney Lynn Hubbard in Support of a Rule 56(f) continuance

- 1 -

I, Lynn Hubbard III, do hereby declare the following:

1. I am attorney of record for plaintiff Tony Martinez.

2. On March 4, 2011, defendant New Balance Athletic Shoe, Inc., ("New Balance") moved to terminate this lawsuit with a motion for summary judgment under Rule 56, and a motion to dismiss for want of constitutional standing under Rule 12(b)(1). *Docket Nos. 71-75*. Both are based on extrinsic evidence.

3. Before I can respond to that motion for summary judgment, however, I will need to conduct the following discovery, and obtain the following essential facts:

   a. Inspect New Balance's facility;
   b. Identify and document the barriers alleged in his plaintiff's complaint;
   c. Obtain expert testimony on those barriers; and
   d. Depose Russell Shirley and Cesar Rodriguez, whose testimony lays the foundation for the defendant's motion.

4. We know this evidence exists because the defense cites to it in its motion.

5. Considering that we have not had an opportunity to obtain this essential evidence, this evidence is necessary to oppose the defense's motions, and that the instant lawsuit is in the early stages of litigation, we would ask the court to deny New Balance's motion for summary judgment, with leave to re-file after the close of discovery (or our need for discovery is resolved)..

6. Attached as Exhibit A is a true and accurate copy of the Rule 34 site inspection, which is being served concurrently with this declaration *via* electronic service, asking to inspect the New Balance facility.

1  I declare under the penalty of perjury that the aforementioned is true and
2  correct and if called upon to testify I could, and would, do so competently.

4  Dated: March 18, 2011          DISABLED ADVOCACY GROUP, APLC

6                                 /s/     Lynn Hubbard III                    /
7                                         Lynn Hubbard III, esq.
                                          Attorney for Plaintiff

*Martinez v. Columbia Sportswear USA, Corp., et al.,* Case No. 2:10-cv-1333 GEB-KJN
Declaration of attorney Lynn Hubbard in Support of a Rule 56(f) continuance

- 3 -

# EXHIBIT A

1  LYNN HUBBARD, III SBN 69773
   SCOTTLYNN J HUBBARD, IV, SBN 212970
2  **DISABLED ADVOCACY GROUP, APLC**
   12 WILLIAMSBURG LANE
3  CHICO, CA. 95926
   (530) 895-3252
4
   Attorneys for Plaintiff
5

6

7

8
                THE UNITED STATES DISTRICT COURT
9           FOR THE EASTERN DISTRICT OF CALIFORNIA
10

11

12 | TONY MARTINEZ,                    ) Case No. 2:10-cv-01333-GEB-KJN
13 |         Plaintiff,                )
14 |     vs.                           ) PLAINTIFF'S REQUEST FOR
                                       ) PRODUCTION OF DOCUMENTS,
15 | CPG FINANCE II, LLC, *et al.*     ) SET ONE TO DEFENDANT NEW
16 |                                   ) BALANCE ATHLETIC SHOE,
17 |         Defendants.                ) INC.
18 |                                   )
                                       ) **[F.R.C.P. RULE 34]**
19

20 PROPOUNDING PARTY:     Plaintiff TONY MARTINEZ

21 RESPONDING PARTY:      Defendant NEW BALANCE ATHLETIC

22                        SHOE, INC. DBA NEW BALANCE #0015

23 SET NUMBER:            **ONE**

24

**Plaintiff's Request for Production of Documents, Set One**
*Martinez v. CPG Finance II, LLC, et al.*,          Case No2:10-cv-01333-GEB-KJN

Page 1

**REQUEST NO. 1:**

Plaintiff requests that you respond within thirty (30) days to the following requests:

That you permit plaintiff to enter any place of public accommodation, (as defined by 42 U. S. C. § 12181 (7)), that you own, operate or lease which is open to the public, at the address and time below. The purpose of this inspection is to photograph, videotape, document, measure, and survey barriers (both policy and architectural) relating to plaintiff's specific disability.

Because specific plans and cost estimates may be required to satisfy plaintiff's initial burden for a 42 U.S.C. § 12182 (B)(2)(A)(iv) claim, a contractor, architect firm, or survey crew (or all three) may perform this inspection.[1]

No destructive testing will occur and plaintiff will reschedule on seven day notice to a time that would be less disruptive to business operations.

| | |
|---|---|
| **BUSINESS NAME:** | New Balance |
| **ADDRESS:** | 321-F Nut Tree Road |
| **CITY, STATE:** | Vacaville, CA |
| **TIME:** | 11:00 a.m. |
| **DATE:** | April 28, 2011 |

DATED: March 18, 2011         DISABLED ADVOCACY GROUP, APLC

_____
LYNN HUBBARD, III
Attorney for Plaintiff

---

[1] If defendant would like to stipulate that barrier removal is "readily achievable" to remove, then specific design plans will not be necessary. Plaintiff's expert will then only identify barriers.

Plaintiff's Request for Production of Documents, Set One
*Martinez v. CPG Finance II, LLC, et al.*,                    Case No2:10-cv-01333-GEB-KJN

Page 2

## **PROOF OF SERVICE**

I am, and was at the time of service hereinafter mentioned, a citizen of the United States and a resident of the County of Butte. I am over the age of 18 years and not a party to the within action; my business address is 12 Williamsburg Lane, Chico, Butte County, California.

On this date, I served the foregoing document described as **PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE TO DEFENDANT NEW BALANCE ATHLETIC SHOE, INC.** for Case No. 2:10-cv-01333-GEB-KJN on the parties below as follows:

| | |
|---|---|
| Jon Meer, Esq. | Patrick Thompson, Esq. |
| **SEYFARTH SHAW LLP** | **GOODWIN PROCTER LLP** |
| 2029 Century Park East, Suite 3500 | 3 Embarcadero Center, 24th Floor |
| Los Angeles, CA  90067 | San Francisco, CA  94111 |

The following is a procedure in which service of this document was effected:

[X]   **U.S. Postal Service** (by placing for collection and deposit in the United States mail a copy of said document at Disabled Advocacy Group, APLC, 12 Williamsburg Lane, Chico, Butte County, California, in a sealed envelope, with postage fully prepaid).

[X]   **Federal:** I declare that I am employed in the office of a member of the bar of this court, at whose direction the service was made.

I am familiar with the practice of Disabled Advocacy Group, APLC, for the collection and processing of correspondence for mailing with U.S. Postal Service. In accordance with the ordinary course of business, the above-mentioned document would have been picked up from our offices by the U.S. Postal Service courier, on the same day on which it was placed at Disabled Advocacy Group, APLC for pickup.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: March 18, 2011

_____
Angel Botello

Plaintiff's Request for Production of Documents, Set One
Martinez v. CPG Finance II, LLC, et al.,                        Case No2:10-cv-01333-GEB-KJN

Page 3