1  Patrick S. Thompson (SBN 160804)
   *pthompson@goodwinprocter.com*
2  Audrey M. Lin (SBN 271671)
   *alin@goodwinprocter.com*
3  **GOODWIN PROCTER LLP**
   Three Embarcadero Center, 24th Floor
4  San Francisco, California  94111
   Tel.:  415.733.6000
5  Fax:  415.677.9041

6  *Attorneys for Defendant*
   *New Balance Athletic Shoe, Inc.*
7  *d/b/a New Balance #0015*

8                    **UNITED STATES DISTRICT COURT**

9                    **EASTERN DISTRICT OF CALIFORNIA**

10

11 TONY MARTINEZ,
                                          Case No. 2:10-CV-01333-GEB-KJN
12           Plaintiff,

13      v.                                **DEFENDANT NEW BALANCE**
                                          **ATHLETIC SHOE, INC.'S OPPOSITION**
14 CPG FINANCE II, LLC, *et al.*,         **TO PLAINTIFF'S APPLICATION FOR**
                                          **RULE 56(D) CONTINUANCE**
15           Defendants.
                                          Date:       May 2, 2011
16                                        Time:       9:00 am
                                          Courtroom:  10, 13th Floor
17                                        Judge:      Hon. Garland E. Burrell, Jr.

18

19

20

21

22

23

24

25

26

27

28

---

**DEFENDANT NEW BALANCE ATHLETIC SHOE, INC.'S OPPOSITION TO PLAINTIFF'S**
**APPLICATION FOR RULE 56(d) CONTINUANCE**          **Case No. 2:10-CV-01333-GEB-KJN**

1    Pursuant to Fed. R. Civ. P. 56(d), New Balance Athletic Shoe, Inc. ("New Balance")

2  hereby opposes Plaintiff's Application for Continuance.

3  **I.      PRELIMINARY STATEMENT**

4    Plaintiff seeks a continuance purportedly "to obtain the essential evidence necessary to

5  oppose [New Balance's motion for summary judgment.]" *See* Application for Rule 56(f)

6  Continuance ("Continuance Request"), Mar. 18, 2011 (Dkt. #77), 2.  Defendant New Balance

7  opposes plaintiff's application for the following reasons:

8    • Plaintiff should already know based on his pre-filing factual investigation what

9      barriers he encountered and the factual bases for his specific allegations against

10     New Balance;

11    • Plaintiff has had more than enough time to conduct discovery in this matter, having

12     filed the complaint in May 2010;

13    • Plaintiff has been on notice for over six months of New Balance's intentions to file

14     a motion for summary judgment to dispose of plaintiff's frivolous claims;

15    • Plaintiff has not bothered to seek any discovery regarding the factual matters that

16     plaintiff identified in connection with the initial pretrial conference in October

17     2010;

18    • Plaintiff has not sought any document discovery, propounded interrogatories or

19     noticed any depositions at all in this litigation; and

20    • Plaintiff first requested a site inspection after New Balance moved for summary

21     judgment, but noticed the inspection for a date after the deadline for his opposition

22     brief (April 28), even though New Balance offered in meet and confer to make the

23     site available before April 18, the deadline for plaintiff's opposition.

24    Where a party "has failed diligently to pursue discovery in the past," it is entirely proper

25  for the court to deny a request for continuance under Rule 56(d).[1] *Nidds v. Schindler Elevator*

26

27  [1]  Plaintiff cites erroneously to Rule 56(f), which now deals with judgment independent of the motion.  Plaintiff
     ignores the amendments to the Federal Rules in 2010.  Those amendments made Rule 56(d), not 56(f), the
     operative provision that permits a nonmovant to seek a continuance to permit discovery of facts essential to

28  justify its opposition.

1

**DEFENDANT NEW BALANCE ATHLETIC SHOE, INC.'S OPPOSITION TO PLAINTIFF'S**
**APPLICATION FOR RULE 56(d) CONTINUANCE          Case No. 2:10-CV-01333-GEB-KJN**

1   *Corp.*, 113 F.3d 912, 921 (9th Cir. 1997) (quoting *Conkle v. Jeong*, 73 F.3d 909, 914 (9th Cir.

2   1995)).  Plaintiff has had ample time to conduct discovery and has no genuine excuse.  The only

3   reason to prolong these proceedings is to cause further delay and require New Balance to bear

4   additional expenses.  Because good cause does not exist for a continuance, the Court should deny

5   plaintiff's application, and consider New Balance's motion for summary judgment on the merits

6   without further delay.

7   **II.      PROCEDURAL BACKGROUND**

8          Plaintiff filed the original complaint ("Complaint") against twenty-one stores in the

9   Vacaville Premium Outlet Center in Vacaville, California ("Outlet Mall"), alleging nearly

10  identical claims of alleged barriers at each store.  *See* Plaintiff's Complaint, May 29, 2010 (Dkt.

11  #1).

12         In September and early October 2010, the parties met and conferred as required under Rule

13  16.  The parties specifically discussed the subjects on which discovery may be needed, as well as

14  anticipated motions.  In the Joint Status Report, filed on October 4, 2010, plaintiff represented that

15  he would need discovery "on all areas relevant to the ADA and California access laws, including,

16  but not limited to:

17         • Construction, modification, design, alteration, or issuance of the Certificate of

18              Occupation for the commercial facility with public accommodations that is the

19              subject of this litigation.

20         • Financial records for the defendants."

21  *See* Joint Status Report ("Joint Report"), Oct. 4, 2010 (Dkt. #49), 6; *see also* Declaration of

22  Patrick S. Thompson ISO Defendant New Balance Athletic Shoe, Inc.'s Opposition to Plaintiff's

23  Application for Rule 56(d) Continuance ("Thompson Decl."), ¶ 3.

24         Knowing that plaintiff had no genuine factual basis for his claims, New Balance expressed

25  its intention in the Joint Report "to file a motion for summary judgment before the end of the

26  calendar year.  That motion should be set for hearing in early 2011."  *See* Joint Report at 10.

27         Plaintiff subsequently sought leave to amend his complaint, which the Court granted,

28  rejecting objections by the remaining defendants that amendment would be futile.  *See* Order

2

**DEFENDANT NEW BALANCE ATHLETIC SHOE, INC.'S OPPOSITION TO PLAINTIFF'S**
**APPLICATION FOR RULE 56(d) CONTINUANCE          Case No. 2:10-CV-01333-GEB-KJN**

1  Granting Plaintiff's Motion to File First Amended Complaint, Feb. 15, 2011 (Dkt. #65).  On

2  February 15, 2011, plaintiff filed a first amended complaint ("FAC"), which bears a striking

3  resemblance to the original Complaint.  All claims arise out of the same basic allegations in the

4  original Complaint, with minor, non-substantive changes.  In contrast to the original Complaint

5  (involving 21 stores), only three defendants remain in this action.  *See* Plaintiff's First Amended

6  Complaint, Feb. 15, 2011 (Dkt. #66).

7        New Balance moved to dismiss the FAC, or, in the alternative, for summary judgment.

8  *See* Defendant New Balance Athletic Shoe, Inc. d/b/a New Balance #0015 Notice of Motion and

9  Motion to Dismiss the Complaint, or, in the Alternative, Notice of Motion and Motion for

10  Summary Judgment, Mar. 4, 2011 (Dkt. #71).  New Balance's motion was supported by two

11  sworn declarations that directly refute plaintiff's allegations about specific, purported barriers in

12  the New Balance store at the Outlet Mall.  *See* Declaration of Russell Shirley ISO Motion for

13  Summary Judgment by Defendant New Balance Athletic Shoe, Inc. d/b/a New Balance #0015,

14  Mar. 4, 2011 (Dkt. #73); Declaration of Cesar Rodriguez ISO Motion for Summary Judgment by

15  Defendant New Balance Athletic Shoe, Inc. d/b/a New Balance #0015, Mar. 4, 2011 (Dkt. #74).

16        Two weeks after New Balance filed its motion for summary judgment, plaintiff filed the

17  Continuance Request.  With that filing, plaintiff tendered his first discovery in the case, a demand

18  for site inspection to be completed after the deadline for plaintiff's opposition.  *See* Continuance

19  Request, Attachment 1, Exhibit A.

20        Within two business days of receipt of plaintiff's inspection demand, New Balance

21  initiated efforts to meet and confer about conducting the inspection on a different date and at a

22  time that did not interfere with the normal business operations of the store.  *See* Thompson Decl.,

23  ¶ 4.  Curiously, plaintiff attached this meet and confer correspondence to a supplement to his

24  Continuance Request.  *See* Supplement to Application for Rule 56(f) Continuance, Mar. 28, 2011

25  (Dkt. #77, Exhibit B).  He also attached as an exhibit a copy of the Rule 11 motion that New

26  Balance had served on plaintiff, but had not yet filed because plaintiff still had time to withdraw

27  his improper filings.  *Id.* at Exhibit A; *see also* Thompson Decl., ¶ 5.

28        New Balance continued to meet and confer with plaintiff to schedule a site inspection prior

3

**DEFENDANT NEW BALANCE ATHLETIC SHOE, INC.'S OPPOSITION TO PLAINTIFF'S**
**APPLICATION FOR RULE 56(d) CONTINUANCE**          **Case No. 2:10-CV-01333-GEB-KJN**

1   to the deadline for plaintiff's opposition.  But plaintiff would only agree to conduct the inspection

2   on April 28, ten days after the deadline for plaintiff's opposition.  *See* Thompson Decl., ¶¶ 6, 7.

3          Meanwhile, the other two remaining defendants were attempting to conduct discovery.

4   Eddie Bauer and Columbia noticed the deposition of plaintiff Tony Martinez for April 8, 2011.

5   Although counsel for defendants Eddie Bauer, Columbia and New Balance appeared for the

6   deposition, plaintiff was a no-show.  Plaintiff did not notify New Balance or any other defendant

7   in advance that he would not appear.  Nor has plaintiff explained why he failed to appear.  *See*

8   Thompson Decl., ¶¶ 8, 9.

9          Although plaintiff failed to appear for deposition on April 8, that same day he managed to

10  file a second supplement to his Continuance Request, claiming that the Court should grant his

11  application because plaintiff would be conducting a site inspection of the New Balance store in

12  controversy on April 28.  *See* Second Supplement to Application for Rule 56(f) Continuance, Apr.

13  8, 2011 (Dkt. #79).  Given plaintiff's failure to appear, and the lack of any good faith in

14  conducting a timely site inspection, New Balance objected to plaintiff's inspection demand and,

15  based on those objections, withdrew its prior offer to permit the belated inspection on April 28.

16  *See* Thompson Decl., ¶ 11.

17         New Balance gave clear notice of its intention to seek summary disposition of plaintiff's

18  frivolous claims, but plaintiff did not undertake any effort to conduct discovery or otherwise

19  prosecute his claims until New Balance filed its motion for summary judgment.  In fact, plaintiff

20  still has not propounded any written discovery, or noticed any depositions, concerning the topics

21  identified in the Joint Report, dated October 2010.[2]  *See* Thompson Decl., ¶ 10.

22  **III.    THE COURT SHOULD DENY PLAINTIFF'S APPLICATION FOR
            CONTINUANCE**

23

24         **A.     Plaintiff Has Had Ample Opportunity to Conduct Discovery**

25         A court may continue a motion for summary judgment if a party opposing the motion can

26  show that "for specified reasons, it cannot present facts essential to justify its opposition."  Fed. R.

27  ───────────────────────
    [2]   New Balance has fulfilled its obligations by identifying potential witnesses and producing relevant documents in
28        its initial disclosures.

                                                        4
───────────────────────────────────────────────────────────────────────────
**DEFENDANT NEW BALANCE ATHLETIC SHOE, INC.'S OPPOSITION TO PLAINTIFF'S
APPLICATION FOR RULE 56(d) CONTINUANCE          Case No. 2:10-CV-01333-GEB-KJN**

1    Civ. P. 56(d).  As evidenced by the cases cited in his own application, plaintiff lacks good cause to

2    obtain a continuance given his failure to exercise any diligence in conducting discovery or

3    otherwise prosecuting his claims against New Balance.  By plaintiff's only admission, the "denial

4    of [a] Rule 56[d] motion was proper where the plaintiff had failed to pursue discovery for over a

5    year."  *See* Continuance Request at 3 (citing *Byrd v. Guess*, 137 F.3d 1126, 1135 (9th Cir. 1998)

6    (stating that a continuance is only appropriate if the nonmovant "diligently pursued" discovery

7    opportunities)).

8         In *Burlington Northern Santa Fe Railroad Co. v. Assiniboine and Sioux Tribes*, cited in

9    Continuance Request at 3, the plaintiff brought a summary judgment motion less than a month

10   after filing suit.  323 F.3d 767, 773 (9th Cir. 2003).[3]  Where "a summary judgment motion is filed

11   so early in the litigation, before a party has had any realistic opportunity to pursue discovery

12   relating to its theory of the case," a continuance may be granted.  *Id.; but cf. Celotex Corp. v.

13   Catrett*, 477 U.S. 317, 326 (1986) (holding that "no serious claim can be made that respondent

14   was in any sense 'railroaded' by a premature motion for summary judgment" where respondent

15   commenced the action a year before petitioner filed its motion for summary judgment).

16        Plaintiff filed his original Complaint nearly a year ago, in contrast to the nonmovant in

17   *Burlington Northern* where the complaint had been filed only a month earlier.  Plaintiff in this

18   action has had more than a "realistic opportunity" to conduct discovery, but he has done nothing.

19   Given New Balance apprised plaintiff of its intentions in October 2010, there is no basis for the

20   Court to conclude that this is the type of "lightening-quick summary judgment motion" that Rule

21   56(d) seeks to address, 323 F.3d at 774, nor can plaintiff claim that he has been "railroaded" by a

22   premature summary judgment motion.  *Celotex Corp.*, 477 U.S. at 326.

23        Where, as here, a plaintiff has failed to pursue discovery, but has had ample opportunity to

24   do so, the Court should deny plaintiff's application for continuance.  *See, e.g., Brae Transp., Inc.

25   v. Coopers & Lybrand,* 790 F.2d 1439, 1443 (9th Cir. 1986) (upholding denial of request for

26

27   ---
     [3]   Plaintiff does not interpret *Burlington Northern* fully or accurately in his explanatory parenthetical.  *See*
           Continuance Request at 3.  While the *Burlington* court vacated the district court's denial of additional discovery
           on one issue, it affirmed the denial of additional discovery related to a separate issue.  Indeed, the Court held

28         "[w]e conclude that . . . the district court's grant of summary judgment was largely correct."  323 F.3d at 775.

5

**DEFENDANT NEW BALANCE ATHLETIC SHOE, INC.'S OPPOSITION TO PLAINTIFF'S**
**APPLICATION FOR RULE 56(d) CONTINUANCE**          **Case No. 2:10-CV-01333-GEB-KJN**

1   continuance where party failed to conduct discovery prior to summary judgment hearing despite

2   months of advance notice); *S.E.C. v. Hickey*, No. C 94-03336 WHA, 2000 WL 236427, at *1

3   (N.D.Cal. Feb. 18, 2000) (denying continuance because "the movant has failed to diligently

4   pursue discovery" where party had been on notice of motion for summary judgment for eight

5   months) (internal citation omitted); *Nidds v. Schindler Elevator Corp.*, 113 F.3d 912, 921 (9th Cir.

6   1997) (affirming summary judgment and holding the district court did not abuse its discretion in

7   denying motion for continuance where the nonmovant failed diligently to pursue discovery).

8           **B.**      **Plaintiff Lacks a Good Faith Basis for the Requested Delay**

9          Plaintiff seeks to put off any motion for summary judgment until after the close of fact

10  discovery, in February 2012.  But plaintiff has failed to demonstrate that he seeks facts essential to

11  oppose New Balance's motion.  In the Joint Report, plaintiff identified the categories of factual

12  information as to which he intended to seek discovery.  To date, plaintiff still has not propounded

13  any discovery into these topics.  Although plaintiff has not sought any discovery into these

14  matters, New Balance produced initial disclosures with relevant documents, and submitted two

15  sworn declarations that address this subject matter by directly refuting plaintiff's allegations.  "The

16  burden is on the party seeking additional discovery to proffer sufficient facts to show that the

17  *evidence sought exists*[.]" *Nidds*, 113 F.3d at 921 (emphasis added).  The declaration submitted by

18  plaintiff's counsel fails to satisfy this burden.

19         In support of his Continuance Request, Lynn Hubbard, plaintiff's counsel, declares "I will

20  need to conduct . . . discovery, and obtain the following essential facts: [] *Identify and document*

21  *the barriers alleged* in his plaintiff's [sic] complaint[.]" *See* Declaration of Lynn Hubbard, Mar.

22  18, 2011, (Dkt. #77, Attachment #1) (emphasis added).  Far from identifying factual matters that

23  are essential to an opposition, that statement represents a flat out admission that plaintiff has no

24  factual basis for the claims asserted in either the Complaint or the FAC.

25         Plaintiff makes very specific allegations in the FAC that have no factual support, for

26  example:

27        •  "There is no ISA mounted at the entrance that would indicate to Plaintiff whether

28          or not the Facility is intended to be accessible . . .

6

1          • "The dressing room bench is not 24 inches wide by 48 inches long . . .

2          • "The check out counter is too high with no portion lowered to accommodate a

3                patron in a wheelchair . . . ."

4   *See* FAC ¶ 25.  Having alleged that plaintiff personally encountered these barriers, he must have

5   had a factual basis to assert them before filing the original Complaint.  How can plaintiff file a

6   lawsuit against 21 stores with such specific allegations without being able to "identify" the

7   barriers that plaintiff supposedly encountered?  The Hubbard declaration underscores the lack of

8   diligence in prosecuting the complaint, as well as plaintiff's failure to conduct any reasonable

9   inquiry before filing his complaint.  Plaintiff cannot sue first – and fish for a factual basis later.

10          What has happened here is clear.  Plaintiff has no factual basis for his complaint.  He has

11  avoided his own deposition, has not produced any initial disclosures or a single document

12  implicating New Balance in any wrongdoing.  He has no factual basis for his claims, so he wants a

13  continuance which would give him time to contrive a cause of action against New Balance, and

14  require New Balance to bear the expense of prolonged litigation.  The Court should not acquiesce

15  in plaintiff's scheme.  Plaintiff fails to meet the standards under Rule 56(d).  Accordingly, the

16  Court should deny the Continuance Request.

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

7

**DEFENDANT NEW BALANCE ATHLETIC SHOE, INC.'S OPPOSITION TO PLAINTIFF'S**
**APPLICATION FOR RULE 56(d) CONTINUANCE          Case No. 2:10-CV-01333-GEB-KJN**

1   **IV.    CONCLUSION**

2          For the reasons stated, the Court should deny plaintiff's Continuance Request.

3
    Dated: April 18, 2011                          Respectfully submitted,
4

5
                                          By: */s/ Patrick S. Thompson*
6                                             Patrick S. Thompson
                                              Audrey M. Lin
7                                             **GOODWIN PROCTER LLP**
                                              Three Embarcadero Center, 24th Floor
8                                             San Francisco, California  94111
                                              Tel.:  415.733.6000
9                                             Fax:  415.677.9041

10                                            *Attorneys for Defendant*
                                              *New Balance Athletic Shoe, Inc.*
11                                            *d/b/a New Balance #0015*

12

13

14

15

16                          **PROOF OF SERVICE**

17          I certify that this document filed through the ECF system will be sent electronically to the
    registered participant as identified on the Notice of electronic Filing (NEF) and paper copies will
18  be sent to those indicated as on-registered participants on this 18th day of April 2011.

19

20                                            */s/ Patrick S. Thompson*

21

22

23

24

25

26

27

28

**DEFENDANT NEW BALANCE ATHLETIC SHOE, INC.'S OPPOSITION TO PLAINTIFF'S
APPLICATION FOR RULE 56(d) CONTINUANCE          Case No. 2:10-CV-01333-GEB-KJN**