IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Tony Martinez,<br><br>           Plaintiff,<br><br>      v.<br><br>Columbia Sportswear USA Corp.<br>dba Columbia Sportswear Company<br>#446; Eddie Bauer, a Delaware<br>LLC dba Eddie Bauer Outlet<br>#R-867; New Balance Athletic<br>Shoe, Inc. dba New Balance<br>#0015,<br><br>           Defendants.* | 2:10-cv-01333-GEB-KJN<br><br><u>ORDER DENYING MOTION TO</u><br><u>DISMISS, DENYING REQUEST FOR</u><br><u>CONTINUANCE, AND GRANTING</u><br><u>MOTION FOR SUMMARY JUDGMENT</u> |

Defendant New Balance Athletic Shoe, Inc. dba New Balance #0015 ("Defendant") moves for dismissal of Plaintiff's First Amended Complaint ("FAC"), arguing it "fails to satisfy the [standing] pleading requirements" applicable to lawsuits under the Americans with

---

 * The caption has been amended to reflect Plaintiff's dismissal of Defendants Adidas America, Inc. dba Adidas #6128, Reebok International Ltd dba Reebok/Rockport #20, and Guess?, Inc. dba Guess Factory Store #3224. (ECF Nos. 76, 80.)

1  Disabilities Act ("ADA") "set forth by the Ninth Circuit in <u>Chapman v.
2  Pier 1 Imports (U.S.) Inc.</u>," 631 F.3d 939 (9th Cir. 2011); and fails to
3  state his claims with the specificity required. (ECF No. 71; Mot. 1:10-
4  11.) However, Plaintiff's claims are sufficient to withstand the
5  dismissal motion. Therefore, Defendant's dismissal motion is DENIED.

6    Defendant moves in the alternative for summary judgment on all
7  claims against it. (Mot. 4:16-18.) Plaintiff failed to respond to this
8  motion with an opposition or statement of non-opposition as required by
9  Local Rule 230(c); instead, Plaintiff filed a request for continuance of
10 the motion. (ECF No. 77.) This continuance request is governed by
11 Federal Rule of Civil Procedure ("Rule") 56(d).

## I. REQUEST FOR CONTINUANCE

13   Plaintiff's continuance request is based solely on his
14 counsel's declaration in which his counsel declares he has "not had an
15 opportunity to obtain . . . essential evidence[; that] this evidence is
16 necessary to oppose [Defendant's] motion[;] and . . . the instant
17 lawsuit is in the early stages of litigation[.]" (Pl.'s Appl. for
18 Continuance, Decl. of Hubbard 2:19-21.) Specifically, Plaintiff's
19 counsel declares:

> Before I can respond to [the] motion for summary
> judgment, . . . I will need to conduct the
> following discovery, and obtain the following
> essential facts:
>  a. Inspect New Balance's facility;
>  b. Identify and document the barriers alleged
>  in [the] plaintiff's complaint;
>  c. Obtain expert testimony on those barriers;
>  and
>  d. Depose Russell Shirley and Cesar Rodriguez,
>  whose testimony lays the foundation for the
>  defendant's motion.

<u>Id.</u> ¶ 3. Defendant counters "Plaintiff has had ample time to conduct
discovery and has no genuine excuse." (Def.'s Opp'n to Continuance 2:2.)

To obtain a continuance under Rule 56(d) the movants "must show (1) that they have set forth in affidavit form the specific facts that they hope to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are 'essential' to resist the summary judgment motion." State of Cal., on Behalf of California Dept. of Toxic Substances Control v. Campbell, 138 F.3d 772, 779 (9th Cir. 1998). Moreover, the movants "must make clear what information is sought and how it would preclude summary judgment." Margolis v. Ryan, 140 F.3d 850, 853 (9th Cir. 1998) (citation and internal quotation marks omitted). "[D]enial of a Rule 56([d]) application is proper where it is clear that the evidence sought is almost certainly nonexistent or is the object of pure speculation." Campbell, 138 F.3d at 779-80 (citation and internal quotation marks omitted). In addition, "[t]he burden is on the party seeking additional discovery to proffer sufficient facts to" satisfy the requirements of Rule 56(d). Nidds v. Schindler Elevator Corp., 113 F.3d 912, 921 (9th Cir. 1996) (citation omitted). Further, a Rule 56(d) motion will not be granted "if [the party requesting a continuance] fails to pursue discovery diligently before summary judgment." Brae Transp., Inc. v. Coopers & Lybrand, 790 F.2d 1439, 1443 (9th Cir. 1986).

Here, the evidence Plaintiff seeks "is almost certainly . . . the object of pure speculation." Campbell, 138 F.3d at 780. Plaintiff's continuance request is based solely on his assumption and/or "mere hope" that Plaintiff will discover evidence sufficient to defeat Defendant's motion. Neely v. St. Paul Fire & Marine Ins. Co., 584 F.2d 341, 344 (9th Cir. 1978). Therefore, Plaintiff has not shown he is entitled to a continuance for the purpose of conducting this discovery.

///

Further, Plaintiff has not shown that he diligently pursued the discovery he seeks to conduct. Plaintiff filed his Complaint in this action on May 29, 2010. (ECF No. 1.) The parties filed a joint status report on October 4, 2010, in which Defendant stated:

> Defendant New Balance asserts that Plaintiff's claims are meritless. Defendant New Balance does not believe that plaintiff has any good faith basis for this litigation and that the matters in controversy can be resolved as a matter of law. To avoid the significant potential costs associated with protracted litigation, <u>Defendant New Balance intends to file a motion for summary judgment within the next several months</u>.

(ECF No. 49, 4:8-13 (emphasis added).) Defendant filed its dismissal and summary judgment motion on March 4, 2011; this filing occurred nine months after Plaintiff filed his Complaint and five months after Defendant warned Plaintiff that it would seek to terminate the action by motion. (ECF No. 71.) Plaintiff fails to provide a sufficient explanation as to why he "fail[ed] to pursue discovery diligently before summary judgment" in light of having been duly alerted that he would have to face the pending motion. Brae Transp., Inc., 790 F.2d at 1443.

Therefore, Plaintiff's request for a Rule 56(d) continuance is DENIED.

## II. MOTION FOR SUMMARY JUDGMENT

Defendant argues in its summary judgment motion that "the factual record demonstrates that New Balance has fully complied with the applicable federal, state and local obligations to ensure accessibility to all its customers." (Mot. 4:20-21.)

Plaintiff alleges in his FAC the following claims against Defendant, all of which are based on Plaintiff's allegations that he encountered architectural barriers at the New Balance Store which prevented him "from enjoying full and equal access at the New Balance"

4

Store: 1) Violations of the ADA, 42 U.S.C. §§ 12182, 12183; 2) Violation of the Disabled Persons Act ("DPA"), Section 54 of the California Civil Code; 3) Violation of the Unruh Civil Rights Act ("Unruh Act"), Section 51.5 of the California Civil Code; and 4) Denial of Full and Equal Access to Public Facilities in violation of Section 19955(a) of the California Health and Safety Code. (FAC ¶¶ 25, 126-162.)

### A. LEGAL STANDARD

"The . . . party [seeking summary judgment] initially bears the burden of proving the absence of a genuine issue of material fact." In re Oracle Corp. Securities Litigation, 627 F.3d 376, 387 (9th Cir. 2010). If this burden is sustained, "the burden then shifts to the non-moving party to designate specific facts demonstrating the existence of genuine issues for trial." Id. "[W]e must draw all reasonable inferences supported by the evidence in favor of the non-moving party . . . ." Guidroz-Brault v. Missouri Pacific R. Co., 254 F.3d 825, 827 (9th Cir. 2001). However, "[t]o defeat a summary judgment motion . . . the non-moving party may not rest upon the mere allegations . . . in the pleadings. The non-moving party must establish the existence of a genuine factual dispute on the basis of admissible evidence; bare allegations without evidentiary support are insufficient to survive summary judgment." Estate of Tucker ex rel. Tucker v. Interscope Records, Inc., 515 F.3d 1019, 1033 n.14 (9th Cir. 2008) (citation and internal quotation marks omitted).

Local Rule 260(b) requires that "[a]ny party opposing a motion for summary judgment . . . [must] reproduce the itemized facts in the [moving party's] Statement of Undisputed Facts and admit those facts that are undisputed and deny those that are disputed[.]" E.D. Cal. R. 260(b). A party failing to specifically "challenge the facts identified

in the [movant's] statement of undisputed facts, . . . is deemed to have admitted the validity of the facts contained in the [movant's] statement." Beard v. Banks, 548 U.S. 521, 527 (2006) (finding that a party opposing summary judgment who "fail[s] [to] specifically challenge the facts identified in the [movant's] statement of undisputed facts . . . is deemed to have admitted the validity of [those] facts[.]"). Since Plaintiff failed to oppose Defendant's statement of undisputed facts as required by Local Rule 260(b), the facts in Defendant's statement of undisputed facts "are admitted to exist without controversy." Farrakhan v. Gregoire, 590 F.3d 989, 1002 (9th Cir. 2010) ("If the moving party's statement of facts are not controverted in this manner, 'the Court may assume that the facts as claimed by the moving party are admitted to exist without controversy.'").

### B. AMERICANS WITH DISABILITIES ACT CLAIMS

Defendant argues its summary judgment motion must be granted on Plaintiff's ADA claims since "[P]aintiff does not have adequate admissible evidence to show that any barriers actually exist on [the New Balance Store's] premises." (Mot. 6:15-17.)

Defendant presents evidence, including photographs, directly refuting the factual allegations in Plaintiff's FAC, which is demonstrated in the following table.

///
///
///
///
///
///
///

| Plaintiff's Allegations against Defendant in FAC, all of which are set forth in ¶ 25 | Defendant's Established Undisputed Facts | ADA Accessibility Guidelines 28 C.F.R. Part 36, Appendix A |
|---|---|---|
| "There is no ISA mounted at the entrance [of the New Balance facility] that would indicate to Plaintiff whether or not the Facility is intended to be accessible . . . ." | "The international symbol of accessibility ("ISA") is mounted at the front entrance, next to the right hand door, on the front window." (SUF ¶ 15.) | "Facilities . . . required to be identified as accessible . . . shall use the international symbol of accessibility. The symbol shall be displayed as shown in Fig. 43(a) and (b)." Section 4.30.7(1). |
| "Many of the aisles through the store are blocked by merchandise and are thus too narrow making them difficult-if not impossible-for Plaintiff to use . . . ." | "The aisles of the NB Store are maintained with sufficient space and merchandise is positioned to ensure the aisles do not block access to disabled persons." (SUF ¶ 16.) | "All . . . aisles. . . that are part of an accessible route shall comply with 4.3." 4.3.1. "The minimum clear width of an accessible route shall be 36 in (915 mm) . . . ." Section 4.3.3. |
| "The dressing room bench is not 24 inches wide by 48 inches long." | "The dressing room . . . benches are 24 inches wide by 48 inches long." (SUF ¶ 17.) | "Every accessible dressing room shall have a 24 in by 48 in (610 mm by 1220 mm) bench fixed to the wall along the longer dimension." Section 4.35.4 |
| "The clothing hook on the dressing room door is too high, thus Plaintiff is unable to use it . . . ." | "The clothing hooks in the dressing rooms are positioned at 44 inches from the ground." (SUF ¶ 18.) | "If the clear floor space only allows forward approach to an object, the maximum high forward reach allowed shall be 48 in (1220 mm) (see Fig. 5 and Fig. 5(a))." Section 4.2.5. |

| | | |
|---|---|---|
| "The pay point machine is too high and/or at too steep of an angle making it difficult-if not impossible-for Plaintiff to use . . . ." | "There is no angle to access the pay point machine." (SUF ¶ 21.) "The credit card/debit card swipe machine is a separate component from the Point Of Sale ("POS") computer system." Id. ¶ 22. "The register counters are 34 inches tall . . . ." Id. ¶ 24. | "In . . . retail stores where counters have cash registers and are provided for sales or distribution of goods or services to the public, at least one of each type shall have a portion of the counter which is at least 36 in (915mm) in length with a maximum height of 36 in (915 mm) above the finish floor." Section 7.2(1). |
| "Due to merchandise displayed, there is insufficient clear floor space at the check out counter. Without sufficient clear space, Plaintiff has difficulty access the counter and thus, the services provided there . . . ." | "The clear floor space around the register counters measures more than 30 inches by 48 inches." (SUF ¶ 19.) "The spaces between the gondola fixtures and the walls are at least 36 inches wide." Id. ¶ 25. "There is at least 36 inches of clearance space in between apparel four-way displays." Id. ¶ 26. | The lowered counter "shall be on an accessible route complying with 4.3." Section 7.2(1). "The minimum clear width of an accessible route shall be 36 in (915 mm) . . . ." Section 4.3.3. |
| "The check out counter is too high with no portion lowered to accommodate a patron in a wheelchair . . . and/or [t]he check out counter is cluttered with merchandise and thus lacks the required depth." | "This is untrue." (ECF No. 74 ¶ 10.) "The register counters are 34 inches tall, well over 36 inches long, and 24 inches [deep]." (SUF ¶ 24.) | The register counter "shall have a portion of the counter which is at least 36 in (915mm) in length with a maximum height of 36 in (915 mm) above the finish floor." Section 7.2(1). |

For the stated reasons, Defendant's summary judgment motion on Plaintiff's ADA claims is GRANTED.

///

///

8

### C. STATE CLAIMS

Defendant also seeks summary judgment on Plaintiff's state claims, arguing those claims fail "for the same reasons the [Plaintiff] cannot sustain a claim under the ADA." (Mot. 7:20-21.)

Plaintiff has not controverted the undisputed facts showing he has not been subject to architectural or other barriers proscribed by the state laws on which his state claims are based. Therefore, Defendant's summary judgment motion on Plaintiff's state claims is GRANTED.

### III. FINAL JUDGMENT UNDER RULE 54(b)

In light of the above rulings, the Court sua sponte reaches the issue of whether to enter final judgment in favor of Defendant under Rule 54(b). Since "there is no just reason for delay[,]" THE CLERK OF THE COURT SHALL ENTER JUDGMENT IN FAVOR OF DEFENDANT NEW BALANCE ATHLETIC SHOE, INC. Fed.R.Civ.Proc. 54(b). This action shall not be closed.

Dated: June 15, 2011

_____
GARLAND E. BURRELL, JR.
United States District Judge

9