IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Tony Martinez, ) | |
| ) | 2:10-cv-01333-GEB-KJN |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER DENYING DEFENDANT'S |
| ) | MOTION FOR SANCTIONS |
| Columbia Sportswear USA Corp. ) | |
| dba Columbia Sportswear Company ) | |
| #446; Eddie Bauer, a Delaware ) | |
| LLC dba Eddie Bauer Outlet ) | |
| #R-867; New Balance Athletic ) | |
| Shoe, Inc. dba New Balance ) | |
| #0015, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Defendant New Balance Athletic Shoe, Inc. dba New Balance #0015 ("Defendant") seeks sanctions against Plaintiff and his counsel under Federal Rule of Civil Procedure ("Rule") 11. (ECF No. 84.) Specifically, Defendant argues: "Plaintiff and his counsel should be required to reimburse New Balance for all attorneys' fees and costs that it incurred to oppose and/or defend itself from the baseless allegations in the Complaint, [in the First Amended Complaint ("FAC")], and [in Plaintiff's] Application for Continuance[ of Defendant's motion for summary judgment]." (Mot. 3:15-17.)

1          Plaintiff filed an opposition to the motion; however, Plaintiff and his counsel, Lynn Hubbard, III ("Hubbard"), failed to appear at the hearing on the motion. (ECF Nos. 92, 100.) Plaintiff submitted the declaration of Hubbard after the scheduled hearing on Defendant's Rule 11 motion, in which Plaintiff explains why he failed to appear at the scheduled hearing. (ECF No. 102.) Specifically, in that declaration Hubbard declares he "had notice of this hearing but did not appear, because [he] thought that . . . the hearing[] had been vacated with the grant of judgment in favor of the defense." Id. ¶ 2. However, nothing in the judgment vacated the scheduled hearing on Defendant's Rule 11 motion. (ECF Nos. 98-99.) Further, "[i]t is well established that a federal court may consider collateral issues[, such as Rule 11 sanctions motion,] after an action is no longer pending." Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 395-396 (1990).

          Defendant indicates by including the following new argument in its reply brief that it desires to exceed the scope of its noticed Rule 11 motion: "[t]he Court should award New Balance the attorneys' fees and costs incurred to defend plaintiff's frivolous claims as provided for under [42 U.S.C. § 12205]." (Reply 5:4-5.) However, since this new argument is made for the first time in the reply brief it need not be considered and is stricken because it has not been duly noticed for hearing. See Int'l Union of Bricklayers v. Martin Jaska, Inc., 752 F.2d 1401, 1404 (9th Cir. 1985) ("[W]e will not ordinarily consider matters . . . that are not specifically and distinctly raised and argued in [the] opening brief").

          Although Defendant requests that a Rule 11 sanction be imposed against both Plaintiff and his counsel, "Rule 11 sanctions are generally imposed on attorneys, not litigants". Kiobel v. Millson, 592 F.3d 78, 87

2

(2nd Cir. 2010) (Cabranes, J., concurring) (citing Fed.R.Civ.P. 11 Advisory Committee's Notes, 146 F.R.D. 401, 588 (West 1993) ("The person signing, filing, submitting, or advocating a document has a nondelegable responsibility to the court, and in most situations is the person to be sanctioned for a violation.")). Further, Defendant has not presented evidence supporting his motion against Plaintiff. Therefore, the portion of Defendant's Rule 11 motion which is against Plaintiff is DENIED.

Defendant withdrew its request for costs at the hearing, in light of the adverse judgment entered against Plaintiff pursuant to an order filed three days before the hearing.

Further, Defendant's counsel initially argued at the hearing that Defendant is entitled to a sanction against Hubbard based solely on the text of Rule 11(c)(4), and that the Advisory Committee Notes concerning the relevant portion of Rule 11 should be disregarded. However, after Defendant's counsel was questioned by the Court about his basis for this argument, Defendant's counsel conceded that the Advisory Committee Notes could be considered. Defendant's counsel's argument against using the Advisory Committee Notes reflects a misunderstanding of applicable precedent governing the interpretation of a Federal Rule of Civil Procedure. The Ninth Circuit has stated: "We look to Advisory Committee Notes when interpreting a federal rule for 'guidance and insight.'" U.S. v. Saeteurn, 504 F.3d 1175, 1180 n.11 (9th Cir. 2007) (citation omitted). There are nine factors in the applicable portion of the Advisory Committee Notes on Rule 11 which a Court may consider when determining what sanction is appropriate under Rule 11. Fed.R.Civ.P. 11 Advisory Committee Notes, 146 F.R.D. at 587. Defendant failed to directly address these factors in its motion, and the evidence cited in

Defendant's motion is only relevant to consideration of three of these factors.

However, these factors need not be analyzed since in response to the following inquiry at the hearing on the motion Defendant in effect withdrew its request to have Hubbard reimburse it for the attorneys' fees expended defending this case: the Court questioned whether Defendant had sufficient evidence to justify the attorney fee reimbursement sanction it seeks against Hubbard, or whether instead, the monetary sanction it seeks against Hubbard should be paid into the United States Treasury. Defendant's counsel responded stating his client would be "happy" if the Court ordered Hubbard to pay the monetary sanction it seeks into the United States Treasury. This response is tantamount to Defendant explicitly withdrawing its request for reimbursement of attorneys' fees, and essentially comprises an oral motion requesting that Hubbard be required to pay an unspecified amount of monetary sanctions into the United States Treasury. However, this sanctions issue has not been adequately noticed for hearing; nor has it been adequately briefed in light of Defendant's failure to directly address the factors enumerated in the Rule 11 Advisory Committee Notes applicable to the motion. Therefore, Defendant's motion for Rule 11 sanctions is DENIED.

Dated:  June 22, 2011

GARLAND E. BURRELL, JR.
United States District Judge