IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Tony Martinez,                      )<br>                                     )<br>            Plaintiff,               )<br>                                     )<br>     v.                              )<br>                                     )<br>Columbia Sportswear USA Corp.,       )<br>dba Columbia Sportswear Company      )<br>#446; Eddie Bauer, a Delaware        )<br>LLC, dba Eddie Bauer Outlet #R-      )<br>867; New Balance Athletic Shoe,      )<br>Inc. dba New Balance #0015,          )<br>                                     )<br>            Defendants.              )<br>_____) | 2:10-cv-1333-GEB-KJN<br><br>ORDER RE: CROSS MOTIONS FOR<br>SUMMARY JUDGMENT; MOTIONS TO<br>STRIKE |

         Columbia Sportswear USA Corp. ("Columbia") and Eddie Bauer LLC ("Eddie Bauer") each seek summary judgment on the claims in Plaintiff's First Amended Complaint ("FAC"). (ECF Nos. 125, 126.) Plaintiff opposes each motion and also seeks summary judgment on the claims against each Defendant. (ECF Nos. 131, 133.) Plaintiff seeks injunctive relief under Title III of the Americans with Disabilities Act ("ADA"), and injunctive relief and damages under California law.

         Plaintiff has not clearly specified any state law claim which is different from his federal ADA claims. Rather, Plaintiff generally references Title 24 of the California Code of Regulations without showing that a particular provision of Title 24 applies to his claims. In light of the manner in which Plaintiff pleaded and argued his state claims, the Court will first decide whether Plaintiff prevails on any ADA injunctive relief claim.

1

1    Plaintiff is a paraplegic and therefore uses a wheelchair for
2 mobility. (Pl.'s Statement of Undisputed Facts No. 2.) Plaintiff sued
3 twenty-one retailers in the Vacaville Premium Outlet Mall in Vacaville,
4 California for discrimination against him based on his mobility
5 impairment disability. Plaintiff voluntarily dismissed eighteen
6 defendants during the course of this litigation; the amended caption
7 reflects these dismissals. Defendant New Balance Athletic Shoe, Inc.,
8 one of the sued twenty-one retailers, was granted summary judgment on
9 Plaintiff's claims on June 16, 2011, and final judgment was entered in
10 its favor under Federal Rule of Civil Procedure ("Rule") 54(b);
11 Plaintiff appealed the ruling on June 20, 2011.

12    Each Defendant also seeks an order striking evidence Plaintiff
13 submits in support of his arguments.  However, the merits of these
14 motions to strike need not be reached since the controverted evidence
15 does not create a triable issue of fact on Plaintiff's ADA claims.
16 Therefore, the motions to strike are denied as moot.

17    Further, Plaintiff requests a continuance of Eddie Bauer's
18 summary judgment motion under Federal Rule of Civil Procedure 56(d),
19 arguing he needs additional time "to inspect and photograph the
20 remaining barriers" in Eddie Bauer's store. (Pl.'s Opp'n and Cross-Mot.
21 against Eddie Bauer 18:7-9.) Eddie Bauer responds that "Plaintiff cannot
22 reasonably argue that nearly two years [after Plaintiff initiated this
23 action] he has still not had the opportunity to gather sufficient facts
24 to oppose [its summary judgment] motion." (Eddie Bauer's Opp'n to Pl.'s
25 Mot. 2:3-5.)

26    Whether a Rule 56(d) request should be granted depends in part
27 on whether the party requesting a continuance "pursue[d] discovery
28 diligently before summary judgment." Brae Transp., Inc. v. Coopers &

2

Lybrand, 790 F.2d 1439, 1443 (9th Cir. 1986).

Plaintiff filed his Complaint in this action on May 29, 2010. The parties filed a joint status report on October 4, 2010, in which each Defendant stated:

> Plaintiff's claims are meritless. Defendants Eddie Bauer and Columbia do not believe that plaintiff has any good faith basis for this litigation. Defendants Eddie Bauer and Columbia intend to file a motion for summary judgment within the next several months.

(ECF No. 49.)

Plaintiff has not shown that he has been diligent in pursuing the discovery he seeks to conduct, in light of the notice he received from Eddie Bauer fourteen months ago that he would have to litigate the pending summary judgment motion. Therefore, Plaintiff's request for a Rule 56(d) continuance is denied.

### I. LEGAL STANDARD

When deciding cross-motions for summary judgment, each motion is evaluated on its own merits, "giving the nonmoving party in each instance the benefit of all reasonable inferences." ACLU v. City of Las Vegas, 466 F.3d 784, 790-791 (9th Cir. 2006) (internal citations and quotations omitted). A party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "A fact is 'material' when, under the governing substantive law, it could affect the outcome of the case." Thrifty Oil Co. v. Bank of Am. Nat'l Trust & Sav. Ass'n, 322 F.3d 1039, 1046 (9th Cir. 2003) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). An issue of material fact is "genuine" when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. The moving party's

burden "may be met by 'showing'-that is, pointing out to the district court-that there is an absence of evidence to support the nonmoving party's case." Fairbank v. Wunderman Cato Johnson, 212 F.3d 528, 531 (9th Cir. 2000) (internal quotation and citation omitted).

If the movant satisfies its initial burden, "the nonmoving party must set forth, by affidavit or as otherwise provided in [Federal] Rule [of Civil Procedure] 56, specific facts showing that there is a genuine issue for trial." T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (citation and internal quotation marks omitted). The nonmoving party "cannot rest upon the mere allegations or denials of the adverse party's pleading but must instead produce evidence that sets forth specific facts showing that there is a genuine issue for trial." Estate of Tucker ex rel. Tucker v. Interscope Records, Inc., 515 F.3d 1019, 1030 (9th Cir. 2008) (citation and internal quotation marks omitted).

Further, Local Rule 260(b) requires:

> Any party opposing a motion for summary judgment or summary adjudication [must] reproduce the itemized facts in the [moving party's] Statement of Undisputed Facts and admit those facts that are undisputed and deny those that are disputed, including with each denial a citation to the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon in support of that denial.

If the nonmovant does not "specifically . . . [controvert duly supported] facts identified in the [movant's] statement of undisputed facts," the nonmovant "is deemed to have admitted the validity of the facts contained in the [movant's] statement." Beard v. Banks, 548 U.S. 521, 527 (2006).

> Because a district court has no independent duty to scour the record in search of a genuine issue of triable fact, and may rely on the nonmoving party

4

> to identify with reasonable particularity the evidence that precludes summary judgment, . . . the district court . . . [is] under no obligation to undertake a cumbersome review of the record on the [nonmoving party's] behalf.

Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010) (citation and internal quotation marks omitted).

## II.   DISCUSSION

**A.   ADA Claims**

Title III of the ADA, 42 U.S.C. §§ 12181, *et seq.,* prescribes that an individual discriminated against on the basis of his disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages or accommodations of any place of public accommodation shall be entitled to injunctive relief requiring alteration of facilities to comply with ADA standards. Discrimination under the ADA includes "a failure to remove architectural barriers[.]" 42 U.S.C. 12182(b)(2)(A)(iv). "The ADA Accessibility Guidelines ("ADAAG"), [28 C.F.R. Part 36, Subpart F, Appendix D,] provides the standard for determining a violation of the ADA." Sanford v. Del Taco, Inc., No. 04-2154, 2006 WL 2669351, at *2 (E.D. Cal. Sept. 18, 2006) (citations omitted). "Plaintiff[] bear[s] the burden of establishing the existence of access[ibility] barriers" under the ADA. Lieber v. Macy's West, Inc., 80 F. Supp. 2d 1065, 1077 (N.D. Cal. 1999).

Plaintiff alleges in his FAC that he encountered the following barriers on each Defendant's premises: (1) no International Symbol of Access ("ISA") was mounted at the entrance to the retail store; (2) aisles containing moveable merchandise display racks were too narrow; (3) the dressing room bench was not 24 inches wide by 48 inches long, which prohibited Plaintiff from diagonally transferring to the bench; (4) the pay point machine was too high and/or at too steep of an angle;

5

1  (5) insufficient clear floor space existed at the check out counter due
2  to displayed merchandise; (6) the check out counter was too high; and
3  (7) the checkout counter lacked the required depth because it was
4  cluttered with merchandise. (FAC ¶¶ 21, 23.) Plaintiff also alleges in
5  his FAC that the dressing room in Columbia's store lacked the clear
6  floor space required to allow him to turn around. (FAC ¶ 21.)

7       Further, Plaintiff seek to add an additional accessibility
8  barrier claim against Columbia by arguing in his motion that his expert
9  found a dressing room door that did not extend to the floor. (Pl.'s Mot.
10 against Columbia 18:11-26.) Columbia responds that Plaintiff cannot
11 pursue this claim because it was not identified in the FAC. (Columbia
12 Opp'n 18:4-9.)

13      "In general, only disclosures of barriers in a properly
14 pleaded complaint can provide [fair] notice [as required by Federal Rule
15 of Civil Procedure 8.]" Oliver v. Ralphs Grocery Co., 654 F.3d 903, 909
16 (9th Cir. 2011). Since Plaintiff has not shown that this general rule is
17 inapplicable to his and Columbia's dispute concerning the additional
18 barrier identified in Plaintiff's expert's report, this additional
19 barrier is disregarded.

20      Plaintiff concedes that "Columbia ha[s] made several changes
21 to address each of the [alleged] barriers except the narrow aisles"
22 caused by the moveable merchandise display racks, which Plaintiff
23 asserts were barriers to his travel in those aisles. (Pl's Opp'n and
24 Cross-Motion against Columbia 2 n.1.) The parties' dispute concerning
25 this alleged barrier is discussed further below. However, Columbia
26 prevails on the remainder of its motion, since Plaintiff concedes those
27 matters are moot. Oliver, 654 F. 3d at 905 (citation omitted)("Because
28 a private plaintiff can sue only for injunctive relief . . . under the

ADA, . . . removal of alleged barriers prior to trial can . . . moot[] a plaintiff's ADA claim.").

### 1. ISA sign

Plaintiff and Eddie Bauer each seek summary judgment on Plaintiff's ADA ISA sign claim. Eddie Bauer argues an ISA sign is now mounted at the entrance of its store. (Eddie Bauer Mot. for Summ. J. 3:11-16.) Plaintiff agrees that an ISA sign is currently mounted at the entrance to Eddie Bauer's store, but contends the "sign is too low." (Pl.'s Mot. against Eddie Bauer 17:6-8.)

Eddie Bauer responds that Plaintiff's vague assertion that the sign is too low is insufficient to defeat its summary judgment motion. (Eddie Bauer's Opp'n 12:10-12.) Eddie Bauer cites Plaintiff's deposition testimony in support of its position, in which Plaintiff testified that the ISA sign is "low" and then answered "No" when asked the following: "you don't know what the measurement is of the ISA sign at the Eddie Bauer store, correct?" (Pl.'s Dep. 52:22-53:1; 54:4-6.)

Plaintiff's testimony is not sufficient to meet his burden of proving that an ISA sign barrier currently exists at Eddie Bauer's store. "Bare assertions or unsupported conclusions are not facts sufficient to support [Plaintiff's assertion about the height of the sign]." Tovar v. United States Postal Service, 3 F.3d 1271, 1279 (9th Cir. 1993); Mitchell v. Toledo Hosp., 964 F.2d 577, 584 (6th Cir. 1992) (citation omitted) ("[I]n order to withstand a motion for summary judgment, the party opposing the motion must present 'affirmative evidence' to support his/her position; a mere 'scintilla of evidence' is insufficient."). Nor does "[m]ere argument . . . establish a genuine issue of material fact to defeat summary judgment." MAI Systems Corp. v. Peak Computer, Inc., 991 F.2d 511, 518 (9th Cir. 1993), cert. dismissed,

114 S. Ct. 671 (1994). Therefore, Eddie Bauer's summary judgment motion on Plaintiff's ADA ISA sign claim is granted, and this portion of Plaintiff's motion is denied.

### 2. Moveable merchandise display racks

Each party seeks summary judgment on Plaintiff's claim that moveable merchandise display racks in each Defendant's store violated the ADA. Plaintiff argues that the aisles containing the moveable merchandise display racks were too narrow and therefore did not comply with ADAAG 4.3.3, which prescribes that "[t]he minimum clear width of an accessible route shall be 36 in." (Pl's Opp'n and Cross-Motion against Columbia 12:6-12; Pl's Opp'n and Cross-Motion against Eddie Bauer 10:5-15.) The issues concerning whether this ADA standard applies to moveable merchandise display racks, and the applicable of the ADA to Plaintiff's claim, need not addressed in light of the evidentiary summary judgment record.

#### a. Eddie Bauer

Plaintiff cites his following deposition testimony in support of his position that the aisles in Eddie Bauer's store were too narrow:

> Q: So there were some aisles that you were unable to move through?
>
> A: That [I] wanted to -- yes.

(Pl.'s Dep. 26:16-18.) Eddie Bauer argues that an injunction is unnecessary because Plaintiff admitted that he no longer had an issue with the aisles on a subsequent visit to Eddie Bauer's store. (Eddie Bauer Mot. for Summ. J. 4:23-28.) Eddie Bauer cites Plaintiff's following deposition testimony in support of its position:

> Q: "And your visit [on September 8, 2011] was -- did you have any issue with the aisles?"
>
> A: "No."

>Q: "You were able to pass through all the aisles that you wanted to pass through?"
>
>A: "Yes."

(Pl.'s Dep. 29:24-30:4.) This evidentiary record establishes that Eddie Bauer prevails on this portion of its motion, and that Plaintiff does not prevail on this portion of his motion.

### b. Columbia

Columbia and Plaintiff dispute whether the aisles between the moveable merchandise display racks in Columbia's store constituted accessibility barriers under the ADA. However, Plaintiff failed controvert Columbia's averments in the declaration of its store manager Carol Lopez who declares: "As of [March 9, 2012,] all of the aisles are at least 36 inches wide." (Decl. of Carol Lopez in Support of Columbia's Opp'n to Pl.'s for Summ. J. ¶ 9, ECF No. 144-2.) Plaintiff objects to this evidence, arguing that "Lopez's claim is conclusory and speculative because she does not submit any evidence . . . supporting her self-serving statement." (Pl.'s Reply to Columbia's Opp'n 3:16-18.)

Rule 56(c)(4) prescribes that "[a]n affidavit or declaration used to support or oppose a [summary judgment] motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Ms. Lopez's position as a store manager is sufficient to establish personal knowledge of the information concerning the adjustments to the layout of the moveable merchandise display racks in the Columbia store since she "occupies a position at [Columbia] from which personal knowledge of the facts to which [s]he testifies can be inferred." Edwards v. Toys "R" Us, 527 F. Supp. 2d 1197, 1202 (C.D. Cal. 2007). Therefore, the evidentiary record establishes that Columbia

prevails on this portion of its motion, and this portion of Plaintiff's motion is denied.

### 3. Dressing room bench

Plaintiff and Eddie Bauer each seek summary judgment on Plaintiff's ADA claim in which he alleges the dimensions of Eddie Bauer's dressing room bench fail to comply with prescribed ADA dimensions.

Plaintiff and Eddie Bauer disagree on whether injunctive relief should be ordered concerning the dimensions of the dressing room bench in Eddie Bauer's store. Plaintiff argues the dressing room bench in Eddie Bauer's store is over 60 inches long and therefore does not comply with ADAAG 4.35.4. (Pl's Opp'n and Cross-Motion against Eddie Bauer 13:21-25.) ADAAG 4.35.4 prescribes:

> Every accessible dressing room shall have a 24 in by 48 in (610 mm by 1220 mm) bench fixed to the wall along the longer dimension. The bench shall be mounted 17 in to 19 in (430 mm to 485 mm) above the . . . floor. Clear floor space shall be provided alongside the bench to allow a person using a wheelchair to make a parallel transfer onto the bench[.]

Eddie Bauer argues that the longer dressing room bench does not violate the ADA, and injunctive relief is not necessary, because its bench provides "equivalent facilitation." (Eddie Bauer's Opp'n to Plaintiff's Mot. for Summ. J. 16:3-13.) ADAAG 2.2 prescribes that "[d]epartures from particular technical and scoping requirements of this guideline by the use of other designs and technologies are permitted where the alternative designs and technologies used will provide substantially equivalent or greater access to and usability of the facility." Plaintiff responds that "[Eddie Bauer] cannot raise [the] affirmative defense of equivalent facilitation because it did not plead

that defense in its Answer." (Pl.'s Reply to Eddie Bauer's Opp'n 7:16-17, ECF No. 149.) However, the issue here is an injunction should issue to require the dressing room bench to be brought into compliance with ADAAG requirements.

Plaintiff has not shown that the bench at Eddie Bauer's store constitutes an access barrier since the bench provides "at least substantially equivalent access" for Plaintiff as what would have been provided if the bench was 48 inches long. Kohler v. Flava Enters. Inc., - - - F. Supp. 2d - - - -, 2011 WL 5998997, at *7 (S.D. Cal. Sept. 26, 2011) (finding a 64 inch bench was equivalent facilitation under the ADAAG bench dimension requirement). Therefore, this portion of Eddie Bauer's motion is granted, and this portion of Plaintiff's motion is denied.

### 4. Paypoint machine

Plaintiff and Eddie Bauer each seek summary judgment on Plaintiff's ADA claim in which he alleges the paypoint machine in Eddie Bauer's store fails to comply with ADA standards. Eddie Bauer argues that "Plaintiff cannot dispute that there are no paypoint machines at [its] store." (Eddie Bauer Mot. for Summ. J. 6:17-22.) Eddie Bauer supports its position by citing Plaintiff's deposition testimony, in which he answered "Yes" when asked the following question: "Do you recall that . . . there is, in fact, no self-service pay point machine at the Eddie Bauer store?" (Pl.'s Dep. 33:23-25, 34:1-6; 36:1-3.) This evidentiary record establishes that Eddie Bauer prevails on this portion of its motion, and this portion of Plaintiff's motion is denied.

### 5. Insufficient clear floor space at counter

Plaintiff and Eddie Bauer each seek summary judgment on Plaintiff's ADA claim in which Plaintiff alleges the clear floor space

11

at Eddie Bauer's checkout counter failed to meet ADA standards. Eddie Bauer argues that "the clear floor space was . . . sufficient for [Plaintiff] to approach, use, and leave the counter." (Eddie Bauer Mot. for Summ. J. 7:4-9.) Concerning this issue, Plaintiff answered in the affirmative when asked the following questions during his deposition: "[Y]ou don't recall what exactly made it so there was insufficient clear floor space at the checkout counter?" and "So despite your allegation that there was insufficient clear floor space at the checkout counter because of merchandise displayed, you were still able to approach the counter, make your purchase and leave, correct?" (Pl.'s Dep. 40:7-18; 41:10-15.) This evidentiary record establishes that Eddie Bauer prevails on this portion of its motion, and this portion of Plaintiff's motion is denied.

### 6. Checkout counter height

Plaintiff and Eddie Bauer each seek summary judgment on Plaintiff's ADA claim in which Plaintiff alleges the checkout counter is too high at Eddie Bauer's store. Eddie Bauer argues Plaintiff has not introduced any evidence that this barrier exists. (Eddie Bauer Mot. for Summ. J. 7:17-23.)

Plaintiff has not provided any evidence regarding the height of the checkout counter at Eddie Bauer's store. Therefore, this portion of Eddie Bauer's summary judgment motion is granted, and this portion of Plaintiff's motion is denied.

### 7. Insufficient checkout counter space

Plaintiff and Eddie Bauer each seek summary judgment on Plaintiff's ADA claim in which Plaintiff alleges the checkout counter lacks the required depth because it is cluttered with merchandise. Eddie Bauer argues Plaintiff's deposition testimony demonstrates that he did

1  not encounter this barrier. (Eddie Bauer Mot. for Summ. J. 9:3-13.)
2          Plaintiff testified during his deposition that he "d[id not]
3  recall" the factual basis for his allegation that there was insufficient
4  clear counter-space at the checkout counter in Eddie Bauer's store.
5  (Pl.'s Dep. 42:1-8.) Therefore, the evidentiary record establishes that
6  Eddie Bauer prevails on this portion of its motion, and this portion of
7  Plaintiff's motion is denied.

   **B.   State Claims**

9           In light of the ruling disposing of Plaintiff's ADA claims
10 against each Defendant, the Court may *sua sponte* decide whether to
11 continue exercising supplemental jurisdiction over Plaintiff's state
12 claims. Under 28 U.S.C. § 1367(c)(3), a district court "may decline to
13 exercise supplemental jurisdiction over a [state] claim" when "all
14 claims over which is has original jurisdiction" have been dismissed.
15 "While discretion to decline . . . supplemental jurisdiction over state
16 law claims is triggered by the presence of one of the conditions in §
17 1367(c), it is informed by the . . . values of economy, convenience,
18 fairness and comity" as delineated by the Supreme Court in United Mine
19 Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966). Acri v. Varian
20 Associates, Inc., 114 F.3d 999, 1001 (9th Cir. 1997). "[I]n the usual
21 case in which all federal-law claims are eliminated before trial, the
22 balance of factors will point towards declining to exercise jurisdiction
23 over the remaining state-law claims." Id. (quotations and citation
24 omitted).
25          Plaintiff requests leave to amend his complaint in his
26 opposition and cross-motion against Columbia, in order to allege
27 diversity jurisdiction, "[i]f the Court is unwilling to exercise
28 supplemental jurisdiction [over his state law claims]." (Pl's Opp'n and

Cross-Motion against Columbia 18:8-10.) This request is denied since Plaintiff has not shown good cause to modify the scheduling order filed on February 8, 2011, which held "[n]o further . . . amendments to pleadings is permitted, except . . . for good cause shown." (ECF No. 62.)

Therefore, Plaintiff's state claims are dismissed without prejudice under 28 U.S.C. § 1367(c)(3).

### III. CONCLUSION

Each Defendant's motion for summary judgment of Plaintiff's ADA claims is granted and judgment shall be entered on these claims in favor of each Defendant. Plaintiff's state claims are dismissed under 28 U.S.C. 1367(c). The Clerk shall close this case since this Order disposes of Plaintiff's claims against the remaining Defendants.

Dated: May 8, 2012

_____
GARLAND E. BURRELL, JR.
United States District Judge